UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10780-GAO

CAPITAL ONE VENTURES, LLC; VIRGINIA WOOD,
Plaintiffs,

v.

TRUSTEES OF THE 303-309 MAPLE STREET CONDOMINIUM TRUST; LAURIE DICKSON; LOIS HANSEN; ERIN O'BRIEN; PATRICIA DICKSON; DAVID C. MCBRIDE; RICHARD E. BROOKS; MARCUS, ERRICO, EMMER & BROOKS, P.C.; AND DOES 1 THROUGH 10,
Defendants.

OPINION AND ORDER
July 14, 2011

O'TOOLE, D.J.

The plaintiffs, Capital One Ventures, LLC, and Virginia Wood, present a number of claims arising from a condominium association's attempt to collect past due fees. The various defendants have moved to dismiss all claims.

**I.   Background**

The complaint alleges that on April 7, 2009, Lois Hansen, as Treasurer of the 303-309 Maple Street Condominium Trust ("Association"), sent an email message to Virginia Wood and her husband Warren Wood. (Compl. ¶ 12.) The complaint refers to a copy of the message that it says is attached, but the complaint as filed had no attachments. Nonetheless, the plaintiffs later submitted what purports to be a copy of the email message, and the defendants appear to have accepted that the proffered copy is what was sent. The message said in part: "Warren and Virginia, the 303-309 Maple Street Condominium Association needs you to bring your overdue condo fees up to date." The message then detailed the amount of the arrearage and asked that it

be paid by April 15, 2009, or the Association would commence legal action to collect it. When the past due fees were not paid, lawyers for the Association were involved to try to accomplish collection.

The complaint alleges a number of causes of action against the Association and its trustees, as well as the lawyers and another person.

## II. Discussion

"[T]he propriety of dismissal under Rule 12(b)(6) turns on the complaint's compliance with Rule 8(a)(2), which mandates that every complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Ocasio-Hernández v. Fortuño-Burset, --- F.3d ---, 2011 WL 1228768, at *9 (1st Cir. 2011) (citing Fed. R. Civ. P. 8(a)(2)). "That aspect of the Rule merely requires sufficient detail in the complaint to give a defendant fair notice of the claim and the grounds upon which it rests." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). "The make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." Sepúlveda-Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 29 (1st Cir. 2010) (Souter, J.).

I first address the counts alleging federal claims.

### A. Count 1: Fair Debt Collection Practices Act

The Fair Debt Collection Practices Act ("FDCPA") is a statute "enacted to protect debtors from abusive debt collection practices." Chiang v. Verizon New Eng., Inc., 595 F.3d 26, 41 (1st Cir. 2010); see also 15 U.S.C. §§ 1692-1692f. It prohibits debt collectors from the use of

"unfair or unconscionable means to collect or attempt to collect any debt" and from the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §§ 1692e-1692f.

The complaint appears to allege that the FDCPA claim is brought by "Plaintiff [Virginia] Wood" alone. Indeed, the caption for this count states "Plaintiff Wood, as to all named Defendants except Patricia Dickson." (Compl. 5.) Elsewhere, however, the complaint alleges that the owner of the condominium unit is Capital One, purportedly a limited liability company. (Compl. ¶ 2.) Because Capital One, as the title owner of the unit, is (presumably; the complaint does not allege otherwise) the debtor with respect to condominium fees, the FDCPA strictly speaking does not apply. It protects the rights of any debtor who is a "consumer," who must be "a natural person." 15 U.S.C. § 1692a(3). So Capital One as debtor has no rights under the FDCPA.

Nor does the complaint give facts sufficient to indicate that Virginia Wood qualifies as a co-debtor consumer so that she might have enforceable rights under the FDCPA, such as some relationship either to the debt or to Capitol One that would qualify her as a within the scope of the statute's protection. In the absence of such pleaded facts, Count 1 fails to state a claim upon which relief can be granted.

B.  Count 4: Federal Fair Housing Law (and M.G.L. c. 151B)

The complaint summarily alleges violation by the defendants of the Federal Fair Housing Act (42 U.S.C. § 3601 *et seq.*), as well as of Chapter 151B of the Massachusetts General Laws, but it presents no specifics and cites no particular provision of the statutes. This is completely inadequate compliance with pleading requirements.

Count 4 fails to state a claim upon which relief can be granted.

C.  Count 5: 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must show a deprivation of a federal or statutory right "by a person acting under color of state law." Section 1983 "does not reach private actions." Barrios-Velázquez v. Asociación de Empleados, 84 F.3d 487, 491 (1st Cir. 1991). The complaint is devoid of any factual allegation that would support a conclusion that any of the defendants was acting "under color of state law," and it thus fails to state a claim under § 1983.

D.  State Law Claims

All the rest of the claims in the complaint arise under state law. Since there is no diversity of citizenship, this Court lacks jurisdiction under 28 U.S.C. § 1332 and may only exercise supplemental jurisdiction over these claims under 28 U.S.C. § 1367. However, in light of the disposition of all the federal claims, I decline to exercise such supplemental jurisdiction. Id. § 1367(c)(3).

The complaint is dismissed in its entirety. The defendants' requests for an assessment of costs or other sanctions are denied.

It is SO ORDERED.

    /s/ George A. O'Toole, Jr.
United States District Judge